William C. Heoht, Jr., J.
Petitioner seeks an order (a) annulling the determination of the State Rent Administrator, which affirmed orders fixing the maximum rental for petitioner’s apartment at $413.44 a month; and (b) remanding the matter for administrative redetermination of the maximum rent properly allocable to the apartment. Petitioner occupies an eight-room apartment in premises 1160 Park Avenue. He commenced occupancy under a two-year lease, effective May 1, 1953, at a monthly rent of $364.19. He alleges that this rental was 10% above that paid by the prior tenant and was accompanied by an obligation that any painting or decorating during petitioner’s occupancy should be at his expense.
On May 13, 1954, the • local rent administrator granted the application of the landlord for a 15% increase in the rentals of all controlled accommodations, including petitioner’s. Petitioner protested this order and on September 9, 1954 the State Rent Administrator found that the local administrator had properly adjusted petitioner’s maximum rent by 15%. According to petitioner, the State Administrator based his determina *100 tion on the ground that the adjustment ‘6 was required to approach the amount needed to establish a net return in accordance with the regulations.”
Petitioner contends that prior to the application above referred to, he had been paying the highest rental of all the tenants in the building and a substantially higher rental than any of the other eight-room apartments in the building, and that by virtue of the order granting the application, petitioner’s maximum rental was increased from $364.19 to $418.82, and as a consequence the maximum rent for his apartment not only continued to be appreciably higher than any other apartment in the building, including larger apartments, but the disparity between rentals was further widened.
In March, 1955 the landlord again made an application for an increase, pursuant to subdivision 5 of section 33 of the State Rent and Eviction Regulations. In April, 1955, while the landlord’s application was pending, the landlord agreed to renew petitioner’s lease at $364.19 per month, subject to the approval of the State Rent Commission. The commission approved this agreement.
On October 26, 1955 the local rent administrator made an order granting the landlord an increase of 9.4% of the total rent income from the premises, in order to realize a net return of 6% therefrom. The local administrator further found and held that the increase allocated to the controlled accommodations amounted to 8.59% of the rental income. The order increased the rental for petitioner’s apartment by $49.25 per month, to a total of $413.44 per month. On January 31, 1956 the State Administrator affirmed the order and that affirmance is the subject of this review.
The crux of petitioner’s grievance is that the increase complained of was not equitably apportioned among the controlled housing accommodations in the property and that respondent did not give due consideration to all previous adjustments or increases in the maximum rent.
The respondent points out that following a complete audit of the landlord’s books and records, it was determined that the rent of the various apartments had to be increased by $19,372.25 in order to provide the landlord a net annual rent equal to 6% of the valuation of the property; that the method of allocation of the over-all rent among the apartments is based upon the statutory proviso that the apportionment be equitable and that due consideration be given to all increases. To accomplish this, respondent first determined the percentage by which the rent for each apartment had been previously increased over the 1943 *101 rent, plus increases of a nonfinancial nature, such as for services or equipment; that a factor representing the current average percentage for the entire building was then computed by determining the total annualized base rent and the total annualized current rent plus the over-all grant indicated by the order. The over-all grant was then allocated to the various apartments, with an aim to reach a point where all the apartments sustained, percentagewise, the same amount of increase of a financial nature on the respective base rents. By applying this formula, the apartment with the smallest percentage increase over the base rent will then be allocated the largest portion of the over-all grant, and that no allocation was made to those apartments which had already sustained the highest percentage increase equal to or in excess of the average percentage, until the rents for the other apartments were raised to the average level. According to the formula, the petitioner’s apartment showed financial increases over the base rent of 36.57%. An increase of 13.52% was allocated to the apartment, resulting in a rental of $413.44 per month.
The respondent asserts that some tenants entered into voluntary leases granting the landlord increases more readily and more frequently than others, and that sometimes there is a greater turnover of tenants in some apartments in the building whereby several lease increases have been obtained from new tenants, and that thus there frequently exists a wide disparity of percentage adjustments experienced among the various apartments in a building. The Administrator avers that in apportioning the over-all grant in fixing the increase in the maximum rents, he gave due consideration .to previous adjustments of a financial nature, and that in carrying forward the statutory mandate he distributed the increase in the equitable method herein described.
An analysis of the record does not indicate that petitioner was unfairly treated or that he did not receive the same consideration, percentagewise, as was accorded the other tenants in the building. There has been no showing that respondent’s determination was arbitrary, unreasonable or capricious. Consequently, the application is denied and the petition is dismissed.